UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GARY I. FRIEDMAN and TERESE FRIEDMAN,<br>*Plaintiffs*, | )<br>)<br>) | |
| vs. | ) | 1:10-cv-0996-JMS-TAB |
| | ) | |
| STATE FARM FIRE AND CASUALTY COMPANY,<br>*Defendant*. | )<br>)<br>) | |

**ORDER**

Although Defendant State Farm asserted in its Notice of Removal that this Court has diversity jurisdiction over this action, [dkt. 1], the Court has an affirmative and independent duty to ensure that it properly possesses jurisdiction. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). Because both the Complaint and the August 9, 2010, Notice of Removal offer little explanation about how a dispute over the non-payment of a $16,000 insurance claim satisfies the $75,000 amount-in-controversy threshold that Congress mandates for diversity cases, *see* 28 U.S.C. § 1332(a), the Court has set this action for a jurisdictional hearing. [Dkt. 16.] There State Farm, as the proponent of jurisdiction, must "show[] by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (citation omitted). Presently before the Court is State Farm's motion to continue that hearing to permit it to serve expedited jurisdictional discovery. [Dkt. 18.]

Where—as here—a complaint "provides little information about the value of [the plaintiff's] claims," a defendant may nonetheless satisfy the amount-in-controversy requirement by showing that the defendant had "a good-faith estimate of the stakes…if it is plausible and supported by a preponderance of the evidence." *Oshana*, 472 F.3d at 511 (citation omitted). Evi-

dence that may permit a defendant to arrive at a good-faith estimate of the amount in controversy may take several forms, including "contentions interrogatories or admissions in **state court**;…calculation from the complaint's allegations;…reference to the plaintiff's informal estimates or settlement demands; or…affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-542 (7th Cir. 2006) (emphasis added, citations omitted). A defendant may not, however, remove first and acquire a sufficient good-faith belief later. *See Oshana*, 472 F.3d at 510-11 ("The amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit begins, or in the event of removal, **on the day the suit was removed**." (emphasis added, citations omitted)).

The discovery that State Farm seeks to conduct here appears to be run-of-the-mill damages discovery. [*See, e.g.*, dkt. 18-2 at 8 (proposing as an interrogatory, "state the total amount of damages you claim is owed….")]. Thus Plaintiffs will likely eventually have to provide much of the requested information, either here or in state court. But State Farm offers no explanation as to how anything that Plaintiffs might now say in their responses to the proposed discovery could inform State Farm's estimate on August 9 as to the amount in controversy—the critical point in time for present purposes. Absent such an explanation, which State Farm has failed to provide, the Court will not subject Plaintiffs to the expense of responding to federal discovery, unless and until the Court finds that it has subject-matter jurisdiction over the parties' dispute.

Accordingly, State Farm's motion, [dkt. 18], is **DENIED**. To ensure a smooth hearing, however, the parties must identify any witnesses and exchange any exhibits on which they might rely no later than twenty-four hours before the hearing begins.

11/01/2010

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

James A.L. Buddenbaum
PARR RICHEY OBREMSKEY FRANDSEN & PATTERSON LLP-Lebanon
jbuddenbaum@parrlaw.com

Catherine A. Haines
CANTRELL STRENSKI & MEHRINGER, LLP
chaines@csmlawfirm.com

Michael L. Schultz
PARR RICHEY OBREMSKEY FRANDSEN & PATTERSON LLP-Lebanon
mschultz@parrlaw.com

James P. Strenski
CANTRELL, STRENSKI & MEHRINGER, LLP
jstrenski@csmlawfirm.com